UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: ) ) ) QVL PHARMACY HOLDINGS, INC., ) ) Debtor. ) ) | Chapter 11 Case No. 15-14983-FJB |

## JOINT STIPULATION BETWEEN DEBTOR AND WHITE WINSTON SELECT ASSET FUNDS, LLC IN RESPONSE TO NOVEMBER 4, 2016 ORDER ON MOTION TO DISMISS CASE [DOCKET NO. 149]

Now come QVL Pharmacy Holdings, Inc., Debtor-in-Possession herein (the "Debtor") and secured creditor, White Winston Select Asset Funds, LLC. ("White Winston") in response to that portion of the Court's November 4, 2016 Order [Docket No. 149] stating that the Debtor may have incurred post-petition debt outside the ordinary course of business which, in fact, is not the case, and agree and stipulate as set forth below:

WHEREAS, on November 4, 2016, the Court entered an Order denying a Motion to Dismiss/Convert brought by Plaintiffs in a Texas State Court suit against Debtor and others and stated in its Order that "at the hearing it was disclosed that the Debtor may have incurred post-petition debt outside the ordinary course of business." [See Docket No. 149]; and

WHEREAS, the White Winston Advances (as defined and detailed below) were made to the Debtor without any obligation of the Debtor to repay the White Winston Advances;

WHEREAS, the Debtor filed a voluntary petition on December 29, 2015; and

WHEREAS, On January 12, 2016, the Debtor filed an Application to Employ The Gordon Law Firm LLP as counsel to the Debtor ("Debtor's Counsel") [See Docket No. 11]; and

WHEREAS, on February 2, 2016, the Court entered an Order granting the Application to Employ Debtor's Counsel [See Docket No. 28]; and

WHEREAS, on May 3, 2016, Debtor's Counsel filed a First Interim Application for Compensation and Reimbursement of Expenses for the period December 29, 2015 to April 30, 2016 seeking $85,54950 in fees and $93.59 in expenses (the "First Interim Fee Application") [See Docket No. 63]; and

WHEREAS, on June 27, 2016, the Court entered an Order allowing the First Interim Fee Application [See Docket No. 77]; and

WHEREAS, on September 1, 2016, Debtor's Counsel filed a Second Interim Application for Compensation and Reimbursement of Expenses for the period May 1, 2016 to July 31, 2016 seeking $63,143.00 in fees and $2,044.82 in expenses (the "Second Interim Fee Application") [See Docket No. 123]; and

WHEREAS, on September 23, 2016, the Court entered an Order allowing the Second Interim Fee Application [See Docket No. 126]

WHEREAS, prior to White Winston's retention of counsel, and therefore without the advice of its counsel, White Winston made the following post-petition advances to the Debtor:

February 2016……………………………………$8,610.60

March 2016 …………………………………… $2,500.00

April 2016 ……………………………………….NONE

May 2016 ………………………………………..NONE

June 2016 ………………………………………..NONE

July 2016 ……………………………………….$71,705.50

August 2016 ……………………………………$2,500.00

2

September 2016 ………………………………… $2,500.00

October 2016 …………………………………. $25,000.00

WHEREAS, the total amount advanced post-petition from White Winston to the Debtor is $112,816.10 (the "White Winston Advances"); and

WHEREAS, the Debtor represents that the White Winston Advances were used by the Debtor to (1) pay the compensation for the Debtor's CEO in the aggregate amount of $10,000.00; (2) pay fees and expenses to Debtor's Counsel as allowed by the Court on the First Interim Fee Application and for partial payment on the Second Interim Fee Application in the aggregate amount of $96,705.50; (3) pay the Debtor's IT service vendor obligations in the amount of $2,585.60; and (4) provide operating funds to the Debtor in the aggregate amount of $3,525.00; and

WHEREAS, White Winston retained counsel after making the White Winston Advances; and

WHEREAS, it was never White Winston's intention to perform any act or omission, including, without limitation, making the White Winston Advances, other than in strict accordance with all applicable laws and rules; and

WHEREAS, with the benefit of advice from counsel, White Winston is unwilling to make any further advances absent further order of this Court, and wishes to cooperate with the Debtor to avoid any harm to the Debtor, its creditors and other parties in interest that may have arisen because White Winston made the White Winston Advances; and

WHEREAS, the Debtor's Chief Restructuring Officer, Robert Mahoney has resigned effective with the engagement of a new CRO; and

WHEREAS, the Debtor intends to forthwith seek this Court's approval to retain Jacen Dinoff of KCP Advisory Group of Burlington, Massachusetts as its new CRO.

NOW, THEREFORE, the Debtor and White Winston stipulate as follows:

1. The White Winston Advances shall not be repaid by the Debtor under any circumstances.

2. White Winston reserves all of its rights and claims, including, without limitation, its secured claim asserted by White Winston in this case, other than on account of the White Winston Advances.

3. White Winston will not make any future advances to the Debtor except as agreed to by White Winston, with the advice of its counsel, and on further Order of this Court, entered upon notice and an opportunity for parties in interest to be heard.

| | |
|---|---|
| QVL PHARMACY HOLDINGS, INC., Debtor | WHITE WINSTON SELECT ASSET FUNDS, LLC |
| By its attorneys, | By their attorney, |
| /s/ Todd B. Gordon | /s/ Jeffrey D. Sternklar |
| Stephen F. Gordon (BBO No. 203600) | Jeffrey D. Sternklar (BBO No.549561) |
| Todd B. Gordon (BBO No. 652482) | Jeffrey D. Sternklar LLC |
| Katherine P. Lubitz (BBO No. 679045) | 225 Franklin Street |
| The Gordon Law Firm LLP | Boston, MA 02110 |
| 57 River Street | Tel:   (617) 396-4515 |
| Wellesley, MA 02481 | Email: jeffrey@sternklarlaw.com |
| Tel:   (617) 261-0100 | |
| Email: sgordon@gordonfirm.com | |
|        tgordon@gordonfirm.com | |
|        klubitz@gordonfirm.com | |

Dated: November 7, 2016

CERTIFICATE OF SERVICE

I, Todd B. Gordon, hereby certify that on October 27, 2016 the **Joint Stipulation Between Debtor and White Winston Select Asset Funds, LLC in Response to November 4, 2016 Order on Motion to Dismiss Case [Docket No. 149]** was served by operation of the Court's ECF System on all individuals designated to receive service by ECF:

- Eric K. Bradford    Eric.K.Bradford@USDOJ.gov
- Cleveland R. Burke    cleveland.burke@wallerlaw.com, tammy.greenblum@wallerlaw.com
- Joseph Corrigan    Bankruptcy2@ironmountain.com
- John P. Dillman    houston_bankruptcy@publicans.com
- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
- Stephen F. Gordon    sgordon@gordonfirm.com, vhaggerty@gordonfirm.com;notices@gordonfirm.com
- Todd B. Gordon    tgordon@gordonfirm.com, notices@gordonfirm.com;vhaggerty@gordonfirm.com
- Katherine P. Lubitz    klubitz@gordonfirm.com, vhaggerty@gordonfirm.com;notices@gordonfirm.com
- Jeffrey D. Sternklar    jeffrey@sternklarlaw.com, jdsternklar@yahoo.com
- Eric J Taube    eric.taube@wallerlaw.com, sherri.savala@wallerlaw.com;annmarie.jezisek@wallerlaw.com

and by prepaid, first class mail to:

Elizabeth Banda Calvo, Esquire
Atty for Richardson ISD
Perdue, Brandon, Fielder, Collins & Mott
500 E. Border Street, Suite 640
Arlington, TX 76010

Stephen Cox
1314 Dahlia Drive
Grand Prairie, TX  75052


/s/ Todd B. Gordon
Todd B. Gordon (BBO No. 652482)