# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into as of the 24th day of January, 2017, by and between QVL Pharmacy Holdings, Inc. ("QVL"), QVL Pharmacy # 181 GP, LLC (QVL #181) and QVL Pharmacy # 162 GP, LLC (QVL # 162) (together the "QVL Parties") on the one hand and Asclepius Panacea, LLC, Asclepius Panacea GP, LLC, Daily Pharmacy, LLC, Daily Pharmacy GP, LLC, and Toth Enterprises II, P.A. D/B/A Victory Medical Center on the other (together the "Victory Parties"). Collectively, the QVL Parties and the Victory Parties shall be referred to herein as the "Parties". Todd M. Enright ("Enright"), individually and on behalf of White Winston Select Asset Funds LLC ("White Winston") is a signatory for the limited purposes described below.

WHEREAS, QVL previously operated a chain of retail pharmacies in Louisiana and Texas, specializing in hard-to-find medications (including controlled medications) and dispensing written prescriptions.

WHEREAS, on December 31, 2013, QVL, a holding company, and two of its subsidiaries, QVL # 181 and QVL #162, sold all of their equity interests in two pharmacies to the Victory Parties.

WHEREAS, a dispute arose in connection with the foregoing sale of equity interests and on November 10, 2014, the Victory Parties filed suit against the QVL Parties and Enright in the District Court in the State of Texas, Travis County, there docketed as Case No. D-1-GN-14-004689 (the "Texas State Action").

WHEREAS, on December 29, 2015, QVL filed a voluntary petition under Chapter 11 in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"), there docketed as Case No. 15-14983 (the "Bankruptcy Case"), and continues to manage its

4814-4762-9888.1

property as Debtor-in-Possession consistent with the duties and obligations set forth in the Bankruptcy Code.

WHEREAS, on June 6, 2016, the QVL Parties filed an adversary proceeding against the Victory Parties in the Bankruptcy Court under Cause No. 16-01097-FJB (the "Adversary"). The Adversary was dismissed by the Bankruptcy Court without prejudice to the refiling of the claims by the QVL Parties in the Texas State Action.

WHEREAS, on March 15, 2016, Asclepius Panacea, LLC, Asclepius Panacea GP, LLC, Daily Pharmacy, LLC and Daily Pharmacy GP, LLC (together the "Texas Claimants") each filed a Proof of Claim, numbered 29, 30, 31 and 32 (the "Original Proofs of Claim") in the Bankruptcy Case. The First Amended Petition filed by the Texas Claimants in the Texas State Action, is attached to each of the Proofs of Claims as supporting documentation.

WHEREAS, on November 7, 2016, the QVL filed its Third Amended Disclosure Statement (the "Disclosure Statement") and Third Amended Plan of Reorganization dated November 7, 2016 (the "Plan") in the Bankruptcy Case.

WHEREAS, on November 16, 2016, the Bankruptcy Court entered an order: (1) approving the Disclosure Statement; (2) setting December 27, 2016 as the deadline for objections to confirmation of the Plan and votes to accept or reject the Plan; and (3) setting January 18, 2017 as the date for the hearing on Confirmation of the Plan in the Bankruptcy Case.

WHEREAS, on December 27, 2016, the Texas Claimants submitted a total of six (6) ballots to QVL's counsel rejecting the Plan.

WHEREAS, on December 27, 2016, the Texas Claimants each filed an amended Proof of Claim, numbered Amended 29, 30, 31 and 32 (the "Amended Claims") in the Bankruptcy Case.

WHEREAS, on December 27, 2016, the Texas Claimants filed an Objection to the Debtor's Third Amended Plan of Reorganization Dated November 7, 2016 in the Bankruptcy Case.

WHEREAS, on January 4, 2017, QVL filed an Objection to the Texas Claimants' Amended Claims in the Bankruptcy Case.

WHEREAS, on January 4, 2017, QVL filed a Motion to Designate and/or Disallow the Votes of the Texas Claimants on the Plan in the Bankruptcy Case.

WHEREAS, on January 12, 2017, QVL filed a Response to the Texas Claimants' Objection to the Debtor's Third Amended Plan of Reorganization Dated November 7, 2016 in the Bankruptcy Case.

WHEREAS, it is the intention of the QVL Parties and the Victory Parties to resolve, as between them, any and all claims, demands and cause or causes of action heretofore or hereafter arising out of, connected with or incidental to the dealings between the QVL Parties, and the Victory Parties without in any way impairing or limiting any existing claims, demands or causes of action between and among Enright, White Winston and the Victory Parties, including, without limitation on the generality of the foregoing, any and all claims, demands and cause or causes of action asserted, or that might have been asserted, in the Texas State Action and the Bankruptcy Case as between them.

NOW THEREFORE, for good and valuable consideration (including, but not limited to, the covenants and obligations set forth in this Agreement), the receipt and sufficiency of which are hereby acknowledged, the undersigned agree as follows:

1.  Immediately upon the execution of this Agreement by all Parties, and before the hearing on Confirmation of the Plan scheduled February 14, 2017, QVL shall file a Motion to

4814-4762-9888.1
3

Modify the Plan attaching a proposed Modified Third Amended Plan of Reorganization (the "Modified Plan") which shall not include any releases of any persons or entities beyond the releases that are currently incorporated in the Plan or provided herein. The Modified Plan will incorporate the terms of this Agreement and this Agreement will be attached to the Modified Plan. At the hearing on February 14, 2017, or at any subsequent plan confirmation hearing unless and until a plan incorporating the terms hereof is denied or this Agreement is terminated as provided herein, QVL will seek only approval of the Modified Plan. It will not seek approval of any other prior version of the Modified Plan.

2. This Agreement shall become effective on the Effective Date of the Modified Plan (the "Effective Date"). If no Bankruptcy Court approval is had within sixty (60) days of the execution of this Agreement by all Parties, or, if at any time the Bankruptcy Court determines it will not approve this Agreement, then any party may withdraw from this Agreement in a writing sent to all other Parties. Upon either the denial of the authorization sought at the hearing on confirmation of the Modified Plan or otherwise by the Bankruptcy Court, or withdrawal by any party as permitted herein, the Agreement shall be null and void and of no further force and effect and may not be used as evidence in any subsequent proceeding.

3. As soon as reasonably practicable after the Effective Date of this Agreement ( but in no event later than 30 days from the Effective Date or the date as soon thereafter upon access of the documents on the servers by a third party computer consultant as set forth below), QVL shall respond ("Response") to the Victory Parties' First Set of Requests for Production to Defendants QVL # 181, QVL # 162 and QVL ("Request"), and subject to any objection asserted in the Response, and produce, to the Victory Parties, any and all non-privileged documents responsive to the Request (the "Responsive Documents"), currently saved on QVL server(s) or

4814-4762-9888.1
4

in possession of QVL or QVL's Chief Restructuring Officer, Jacen Dinoff ("Mr. Dinoff"). Pursuant to QVL's Modified Plan and the terms of this Agreement, Mr. Dinoff, in his capacity as both Chief Restructuring Officer of QVL and sole Trustee of the Liquidating Trust created under the Modified Plan for the benefit of QVL's unsecured creditors, shall preserve the server(s) and Responsive Documents for a reasonable period of time (not to be less than one year, or as may be agreed to by the Victory Parties in writing) to allow for compliance with the terms of this Agreement. To the extent that QVL contends that items on its Server are not accessible to it, QVL agrees to submit the Server to a third party computer expert for the purpose of searching the Server for documents subject to production and producing non-privileged documents in native format. The Victory Parties shall be responsible for and shall pay when due all costs and expenses incurred by such third party computer expert. To the extent that the Victory Parties are not satisfied with the foregoing production of documents by QVL, or dispute any objection to the Request set forth in the Response, then subject to such objections (i) all parties reserve all rights under the applicable rules and law with respect to the Response and the Request, and (ii) the Victory Parties shall be permitted to conduct examinations in accordance with Federal Rule of Bankruptcy Procedure 2004 or to seek to compel production (with QVL preserving its rights with respect thereto) under applicable state law with respect to any issues surrounding the Request and the Response.

    4.    Within five (5) business days of the Effective Date of the Agreement:

        a.    The Victory Parties shall, together with the QVL Parties, file a Joint Stipulation of Dismissal with Prejudice in the Texas State Action. The Joint Stipulation of Dismissal shall specify that that all claims and counterclaims that were or could have been asserted by any of the Parties (including the

claims that were asserted in the Adversary Proceeding) as between them only shall be dismissed with prejudice and without costs, and waiving all rights of appeal. The Victory Parties and the QVL Parties agree to execute an agreed motion and order to effect such dismissal with prejudice as to the QVL Parties and the claims of QVL against the Victory Parties in the Texas State Action within 5 business days of the Effective Date and Enright shall agree to such mutual dismissal with prejudice as between the QVL Parties and the Victory Parties without prejudice to any claims, counterclaims or defenses between and among Enright and the Victory Parties. To the extent defenses, claims and counterclaims of Mr. Enright and the Victory Parties exist as of the Effective Date, then all such defenses, claims and counterclaims by Mr. Enright against the Victory Parties and all such defenses, claims and counterclaims by the Victory Parties against Mr. Enright, if any, not otherwise released on or before the Effective Date, shall be preserved in the Texas State Action. Nothing in this Agreement shall impact the defenses, claims or counterclaims as between the Victory Parties, Todd Enright and White Winston in the Texas State Court Action or otherwise.

b. Subject to paragraphs 4(c) and 19 below, the Amended Claims filed in the Bankruptcy Case shall be allowed as filed. However, the Victory Parties agree that they shall waive and relinquish any right to distributions pursuant to the Plan or from the Bankruptcy Estate or the reorganized Debtor as a result of the Amended Claims and agree they shall have been deemed to have voted to accept the Modified Plan on account of the Amended Claims.

c. The QVL Parties agree to allowance of the Amended Claims solely for settlement purposes, and assert that they have substantial defenses they believe are meritorious if allowance or disallowance of the Amended Claims was determined on the merits by the Court. Accordingly, allowance of the Amended Claims shall be part of the settlement of the disputes between the Parties and this bankruptcy case, but allowance of the Amended Claims shall not be deemed to be a determination of the merits of the Amended Claims. Nothing in this Agreement (including, without limitation, the allowance of the Amended Claims) or in any orders approving this Agreement and confirming the Modified Plan shall (i) operate as a finding or determination of any fact or issue necessary to the determination of the matters set forth in such Amended Claims, (ii) constitute an admission by any person or entity that the Amended Claims, or any fact or issue necessary to the determination of the matters set forth in such Amended Claims have been found or determined in the Bankruptcy Cases, and/or (iii) have any preclusive effect (under principles of *res judicata*, collateral estoppel or otherwise) on any issue or fact arising in or related to any disputes between or among Enright, White Winston and the Victory Parties, including, without limitation, in the Texas State Action. Any orders approving this Settlement Agreement and confirming the Modified Plan shall contain provisions specifically providing for the foregoing.

d. The Texas Claimants shall withdraw their Objection to QVL's Third Amended Plan of Reorganization Dated November 7, 2016 in the Bankruptcy Case [Docket No. 175];

5. The Texas Claimants will not to object to confirmation of QVL's Modified Plan.

6. (Intentionally deleted).

7. (Intentionally deleted).

8. <u>Warranty of No Other Pending Actions, Administrative Charges</u>. The Victory Parties represent and warrant that they do not presently have on file and do not intend to file any claims, charges, grievances or complaints against any of the QVL Parties, in or with any administrative, state, federal or government entity, agency, board or court, or before any tribunal or panel of arbitrators, public or private, based upon any actions or omissions by any of the QVL Parties occurring prior to the date this Agreement is executed. The QVL Parties represent and warrant that they do not presently have on file and do not intend to file any claims, charges, grievances or complaints against any of the Victory Parties, in or with any administrative, state, federal or government entity, agency, board or court, or before any tribunal or panel of arbitrators, public or private, based upon any actions or omissions by any of the Victory Parties occurring prior to the to the date this Agreement is executed. Notwithstanding the acknowledgments set forth herein, the Parties recognize that all claims and counterclaims by Mr. Enright against the Victory Parties and all claims and counterclaims by the Victory Parties against Mr. Enright shall be preserved in the Texas State Action.

9. <u>Authority</u>. Each Party to this Agreement represents and warrants that its designated signatory has the requisite authority to enter in to this Agreement and bind the Party for which their signature appears, and that no other authority, permission or action is required from any other person, entity or regulatory authority for this Agreement to take effect as a binding agreement on the Party. Each Party represents and warrants that it has not assigned, pledged or contracted to assign or pledge the Claims and the causes of actions hereby released.

10. <u>Independent Investigation</u>. Each Party represents and warrants that prior to the execution of this Agreement that they have conducted their own full and complete investigation of the facts, circumstances, terms, provisions and legal effect of this Agreement. Each Party represents that they are relying on their independent investigation and the advice of their own counsel, and not any representations or omission of any other Party that are not expressly stated in this Agreement, in making the decision to enter in to this Agreement. Each Party has been represented by independent counsel of its choice in connection with the negotiation, drafting and execution of this Agreement. Each Party stipulates and agrees that the effect of this paragraph shall be to preclude any Party from making the representation that they were fraudulently induced in to entering this Agreement, or that any other Party had an obligation to make additional disclosures to them before they decided to execute this Agreement. This Agreement is the product of arms-length negotiations between the Parties, who have equal bargaining position.

11. <u>Massachusetts Law and Forum</u>. This Agreement in intended to be and shall be construed as a sealed instrument under Massachusetts law, and shall be interpreted and construed in accordance with the laws of the Commonwealth of Massachusetts, without regard to conflict of law provisions. All disputes solely as between the QVL Parties and the Victory Parties (but not disputes between the Victory Parties and Enright, which may be heard, in the Texas State Action or in any other court of competent jurisdiction) in any way arising from or related to this Agreement shall be heard and determined by a court of competent jurisdiction in the Commonwealth of Massachusetts.

12. <u>Integration</u>. This Agreement contains the entire agreement between the Parties and supersedes all prior negotiations, statements, correspondence or offers.

4814-4762-9888.1
9

13. <u>Amendment</u>. This Agreement shall be binding upon the Parties and may not be modified in any manner, except by an instrument in writing of concurrent or subsequent date signed by the Parties hereto. This Agreement is binding upon and shall inure to the benefit of the Parties and their respective agents, assigns, heirs, executors, successors and administrators.

14. <u>Validity</u>. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

15. <u>Acknowledgements</u>. The Parties acknowledge that they have consulted and received the advice of an attorney prior to signing this Agreement.

16. <u>Counterpart Originals</u>. This Agreement may be signed in counterpart originals; taken together, all counterpart originals shall constitute but one Settlement Agreement. The Agreement may be delivered via e-mail (PDF attachment). Copies of signatures shall be treated as reliable as originals.

17. <u>Cooperation</u>. The Parties agree to cooperate with each other in good faith and take such further actions and/or execute such additional documents as are deemed necessary and appropriate to effectuate the purposes of this Agreement.

18. (Intentionally deleted).

19. <u>Enright/White Winston Signature</u>. The Parties acknowledge (and Enright's and White Winston's signatures below shall be for the purpose of acknowledging) that nothing in this Agreement shall affect, impair or diminish any claims, counterclaims or defenses between and among Enright, White Winston and the Victory Parties. Enright's and White Winston's signatures below acknowledge and agree to the provisions of paragraph 4(a) and (c).

4814-4762-9888.1
10

WHEREFORE, the Parties voluntarily set forth their signature under seal and intend to be bound thereby.

**QVL PHARMACY HOLDINGS, INC.**

By: _Jacen A. Dinoff_ (signature)
    JACEN A DINOFF
Its: CRO
Date: 01/26/2017

**QVL PHARMACY #181 GP, LLC**

By: _Jacen A. Dinoff_ (signature)
    JACEN A DINOFF
Its: CRO
Date: 01/26/2017

**QVL PHARMACY #162 GP, LLC**

By: _Jacen A. Dinoff_ (signature)
    JACEN A DINOFF
Its: CRO
Date: 01/26/2017

**ASCLEPIUS PANACEA, LLC**

By: _Kimberli Wiley_ (signature)
    Kimberli Wiley
Its: President
Date: 1/25/17

**ASCLEPIUS PANACEA GP, LLC**

By: _Kimberli Wiley_ (signature)
    Kimberli Wiley
Its: President
Date: 1/25/17

**DAILY PHARMACY, LLC**

By: _Kimberli Wiley_ (signature)
    Kimberli Wiley

4814-4762-9888.1
11

Its: President  
Date: 1/25/17

**DAILY PHARMACY GP, LLC**

By: *Kimberli Wiley*  
Kimberli Wiley  
Its: President  
Date: 1/25/17

**TOTH ENTERPRISES II, P.A. D/B/A VICTORY MEDICAL CENTER**

By: William Franklin  
Its: President  
Date: 1/25/17

_____  
TODD M. ENRIGHT, individually  
*(solely for the limited purpose set forth in paragraph 19)*

**WHITE WINSTON SELECT ASSET FUNDS LLC**  
*(solely for the limited purpose set forth in paragraph 19)*

BY: TODD M. ENRIGHT  
ITS: manager

C:\Users\ejtaube\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\RN7R1I8S\Compare Result 2.docx